IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TOMMY LEE FAIRCLOTH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-016 |
| ) | |
| LAUREN S. FINLEY, Montgomery County ) | |
| D.A.; ASHLEY MCLAUGHLIN, Attorney; ) | |
| JAMES LEE, Probation Officer; ) | |
| FNU JOHNSON, Montgomery County ) | |
| Judge, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I.  SCREENING OF THE COMPLAINT

Plaintiff names as Defendants: (1) Lauren S. Finely, Montgomery County D.A.; (2) Ashley McLaughlin, Attorney; (3) James Lee, Probation Officer; and (4) Montgomery County Judge Johnson. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff claims his probation was improperly revoked based on a failure to notify his probation officer of an address change. (Doc. no. 1, p. 5.) Plaintiff asserts he never changed his address, but instead was in and out of various hospitals throughout Georgia. (See id. at 7.) Plaintiff further asserts he has been falsely imprisoned for one year, his Fifth Amendment rights under the Double Jeopardy Clause were violated, and his plea was involuntary. (Id. at 6.) Plaintiff seeks damages in the amount of $1,000.00 for each day of his incarceration. (Id.)

Plaintiff previously brought a 28 U.S.C. § 2254 motion alleging identical claims. See Faircloth v. Shepard, CV 315-091 (S.D. Ga. Sep. 25, 2015). This Court denied relief because Plaintiff failed to exhaust state remedies. (Id. doc. no. 11.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Cannot Circumvent AEDPA by Bringing Habeas Claims in a § 1983 Complaint.

A plaintiff cannot circumvent the Antiterrorism and Effective Death Penalty Act's ("AEDPA") second or successive petition requirement by labeling his habeas petition something other than what it actually is. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (action labeled as Rule 60(b) motion was actually habeas petition and must "be treated

accordingly"); Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (courts must look past "artfully" labelled filings and apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (underlying 42 U.S.C. § 1983 action challenging imprisonment is actually habeas action subject to restrictions on filing second or successive habeas petitions); Johnson v. Warden, Georgia Diagnostic & Classification Prison, No. 5:15-CV-439 (MTT), 2015 WL 7313395, at *2 (M.D. Ga. Nov. 19, 2015).

Here, Plaintiff attempted to litigate identical claims in a 28 U.S.C. § 2254 motion that this Court denied because Plaintiff failed to exhaust state remedies. See Faircloth v. Shepard, CV 315-091 (S.D. Ga. Sep. 25, 2015). The present complaint is nothing more than an attempt to relitigate the merits of his 28 U.S.C. § 2254 petition, while circumventing AEDPA's restrictions on second or successive petitions. See id. Because Plaintiff's has provided no indication he has sought or has been granted permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition, his complaint is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

### C. Plaintiff's Complaint is Barred Under Heck v. Humphrey.

Even if Plaintiff's complaint could be construed under 42 U.S.C. § 1983, it would be barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed

4

§1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Here, Plaintiff claims: (1) his probation was wrongfully revoked; (2) his guilty plea was involuntary; (3) his Fifth Amendment rights under the Double Jeopardy Clause were violated; and (4) he is falsely imprisoned. (See doc. no. 1, p. 6.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under Heck.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon

which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA